# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| DONNA COPELAND, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALBION LABORATORIES, INC.; SEEKING HEALTH, LLC; and DESIGNS FOR HEALTH, INC.,<br><br>Defendants | Case No. 15-cv-00585-MJP<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT DESIGNS FOR HEALTH, INC.** |

ANSWER

Defendant Designs for Health, Inc. hereby answers the Complaint (Dkt. 1) of Plaintiff Donna Copeland and asserts affirmative defenses as follows. Except as otherwise specifically admitted or denied, this Defendant is without knowledge or information sufficient to form a belief as to the truth of any allegations pertaining to other Defendants and on that basis denies them.

## I. NATURE OF THE CASE

1. Except for the last sentence of paragraph 1 of the Complaint, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and on that basis denies them. This Defendant denies the last sentence of paragraph 1 of the Complaint.

2. This Defendant admits that it sold products containing the Albion-produced "TRAACS® Magnesium Bisglycinate Chelate Buffered" product. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 2 of the Complaint and on that basis denies them.

3. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the other Defendants' actions or decisions described in paragraph 3 of the Complaint and on that basis denies them. This Defendant admits that it sold products containing magnesium and that it listed the source of the magnesium as "TRAACS® Magnesium Bisglycinate Chelate Buffered." This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations relating to this Defendant in paragraph 3 of the Complaint and on that basis denies them.

4. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and on that basis denies them.

## II. PARTIES

5. This Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 5 of the Complaint and on that basis denies them.

6. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and on that basis denies them.

7. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and on that basis denies them.

8. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint and on that basis denies them.

9. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint and on that basis denies them.

10. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and on that basis denies them.

11. This Defendant denies that it or any other Defendant engaged in unfair and deceptive practices. This Defendant denies that the Plaintiff and Class members paid a "price premium." This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint and on that basis denies them.

12. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint and on that basis denies them.

13. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint and on that basis denies them.

NEWMAN DU WORS LLP
2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

14. This Defendant admits that it has a business address at 980 South Street, Suffield, Connecticut 06078. This Defendant further admits that it sells products internationally, but is uncertain what Plaintiff intends to include by use of "worldwide." This Defendant denies the remaining allegations in paragraph 14 of the Complaint.

### III. JURISDICTION AND VENUE

15. This Defendant admits that the named Plaintiff and the Defendants are citizens of different states. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 15 of the Complaint and on that basis denies them.

16. This Defendant admits that it has sold products in Washington and done business in Washington. The remaining allegations in paragraph 16 of the Complaint are denied.

### IV. GENERAL ALLEGATIONS

17. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and on that basis denies them.

18. This Defendant admits that magnesium is critical to a wide variety of essential bodily functions. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 18 of the Complaint and on that basis denies them.

19. This Defendant admits the allegations in paragraph 19 of the Complaint.

20. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint and on that basis denies them.

21. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint and on that basis denies them.

22. This Defendant is without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 22 of the Complaint and on that basis denies them.

23. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint and on that basis denies them.

24. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that "consumers believe Glycinate is superior to Oxide" in paragraph 24 of the Complaint and on that basis denies it. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 24 of the Complaint and on that basis denies them.

25. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint and on that basis denies them.

26. This Defendant admits that "Glycinate," as defined in the Complaint, is a chelated form of magnesium, but denies that "chelated" means "it is combined with another substance to increase absorption and bioavailability." This Defendant further admits that "Oxide," as defined in the Complaint, is not chelated. This Defendant is without information or belief sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 26 of the Complaint and on that basis denies them.

27. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations involving Albion's actions or its reasons for them in paragraph 27 of the Complaint and on that basis denies them. This Defendant admits that Albion's Product Data Sheet lists magnesium glycinate and magnesium oxide as ingredients and that Exhibit A is an accurate representation of the Product Data Sheet. This Defendant admits that paragraph 27 includes a visual representation of this Defendant's Magnesium Glycinate Chelate Capsules supplement label as it existed prior to approximately November 2010, but denies the remainder of the allegations contained

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

in paragraph 27 of the Complaint.

28. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint and on that basis denies them.

29. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and on that basis denies them.

30. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint and on that basis denies them.

31. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and on that basis denies them.

32. This Defendant denies the allegations in paragraph 32 of the Complaint to the extent it has actual knowledge of its own profits. This Defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of paragraph 32 of the Complaint and on that basis denies them.

33. This Defendant denies that its labeling practice is "deceptive" or that it "defies the FDA's explicit instructions." This Defendant admits that 21 C.F.R. § 101.36(a) covers the labeling of dietary supplements and that the Magnesium Glycinate Chelate product at issue in this case is not exempt under 21 C.F.R. § 101.36(h).

34. This Defendant admits that Plaintiff purports to summarize portions of the Code of Federal Regulations in paragraph 34 of the Complaint, but denies any remaining factual allegations, legal conclusions, or arguments contained in paragraph 34 of the Complaint.

35. This Defendant denies the allegations in the first sentence of paragraph 35 of the Complaint. The remaining sentences of paragraph 35 are either legal conclusions or statements not requiring a response and therefore this Defendant denies them.

36. Paragraph 36 of the Complaint contains only legal conclusions or arguments that do not require a response and this Defendant denies them on that basis.

37. This Defendant denies the allegations in paragraph 37 of the Complaint insofar as they are legal conclusions or arguments not requiring a response.

38. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint and on that basis denies them.

39. This Defendant admits that it entered into an agreement with Albion titled "Trademark and Patent Number License Agreement," but denies the remaining allegations in paragraph 39 of the Complaint because they are legal conclusions and not factual allegations.

40. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint and on that basis denies them.

41. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint and on that basis denies them.

42. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint and on that basis denies them.

43. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint and on that basis denies them.

44. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint and on that basis denies them.

45. This Defendant admits that it is required to abide by certain FDA regulations and to not circumvent state consumer protections but denies any implication

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

that it has done so. This Defendant denies the remainder of the allegations in paragraph 45 of the Complaint.

46. This Defendant denies the allegations in paragraph 46 of the Complaint.

47. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint and on that basis denies them.

48. This Defendant admits that paragraph 48 of the Complaint contains two paragraphs from the letter attached to the Complaint as Exhibit E, which this Defendant admits that it received from Albion. This Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 48 and on that basis denies them.

49. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and on that basis denies them.

## V. CLASS ACTION ALLEGATIONS

50. This Defendant admits that Plaintiff has alleged grounds for class certification under Federal Rule of Civil Procedure 23, but denies that the action meets the requirements of Rule 23.

51. This Defendant admits that Plaintiff has alleged grounds for class certification under Federal Rule of Civil Procedure 23, but denies that the action meets the requirements of Rule 23. This Defendant otherwise denies or lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 51 of the Complaint.

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

# VI. FIRST CAUSE OF ACTION

**(Violation of the Washington Consumer Protection Act,
RCW § 19.86 *et seq*. – Non-Per Se Deceptive Business Practices)**

**(On behalf of Plaintiff and members of the Nationwide Class Against Defendant Seeking Health, LLC Only)**

52. This Defendant re-alleges and incorporates by reference paragraphs 1 through 51 above as if fully set forth herein.

53. This Defendant denies that paragraph 53 of the Complaint contains a complete or accurate summary of the Washington Consumer Protection Act, RCW 19.86.

54. Paragraph 54 of the Complaint contains only legal conclusions or allegations regarding parties other than this Defendant and therefore do not require a response.

55. Paragraph 55 of the Complaint contains only legal conclusions that do not require a response.

56. This Defendant denies the allegations in paragraph 56 of the Complaint.

57. This Defendant denies the allegations in paragraph 57 of the Complaint.

58. This Defendant denies the allegations in paragraph 58 of the Complaint.

59. This Defendant denies the allegations in paragraph 59 of the Complaint.

60. This Defendant denies the allegations in paragraph 60 of the Complaint.

61. This Defendant denies the allegations in paragraph 61 of the Complaint.

# VII. SECOND CAUSE OF ACTION

**(Violation of the Washington Consumer Protection Act, RCW § 19.86 et seq. – Non-Per Se Unfair Business Practices)**

**(On behalf of Plaintiff and members of the Nationwide Class Against Defendant Seeking Health, LLC Only)**

62. This Defendant re-alleges and incorporates by reference paragraphs 1 through 61 above as if fully set forth herein.

63. Paragraph 63 of the Complaint contains only legal conclusions that do not require a response.

64. Paragraph 64 of the Complaint contains only legal conclusions that do not

require a response.

65. This Defendant denies the allegations in paragraph 65 of the Complaint.

66. This Defendant denies the allegations in paragraph 66 of the Complaint.

67. This Defendant denies the allegations in paragraph 67 of the Complaint.

68. This Defendant denies the allegations in paragraph 68 of the Complaint.

69. This Defendant denies the allegations in paragraph 69 of the Complaint.

70. This Defendant denies the allegations in paragraph 70 of the Complaint.

71. This Defendant denies the allegations in paragraph 71 of the Complaint.

72. This Defendant denies the allegations in paragraph 72 of the Complaint.

73. This Defendant denies the allegations in paragraph 73 of the Complaint.

74. This Defendant denies the allegations in paragraph 74 of the Complaint.

75. This Defendant denies the allegations in paragraph 75 of the Complaint.

## VIII. THIRD CAUSE OF ACTION

**(Violations of CUTPA - Conn. Gen. Stat. § 42-110a, *et seq*.)**

**(On behalf of Plaintiff and members of the Nationwide Class Against Defendant Designs for Health, Inc. Only)**

76. This Defendant re-alleges and incorporates by reference paragraphs 1 through 75 above as if fully set forth herein.

77. Paragraph 77 of the Complaint contains only legal conclusions that do not require a response, but to the extent a response is necessary, this Defendant the allegations in paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint contains only legal conclusions that do not require a response, but to the extent a response is necessary, this Defendant admits that it engages in trade or commerce within the meaning of Conn. Gen. Stat. § 42-110a(4) and denies any remaining allegations.

79. This Defendant denies the allegations in paragraph 79 of the Complaint.

80. This Defendant denies the allegations in paragraph 80 of the Complaint.

81. This Defendant denies the allegations in paragraph 81 of the Complaint.

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

82. This Defendant denies the allegations in paragraph 82 of the Complaint.

83. This Defendant denies the allegations in paragraph 83 of the Complaint.

84. This Defendant denies the allegations in paragraph 84 of the Complaint.

85. This Defendant denies the allegations in paragraph 85 of the Complaint.

86. This Defendant denies the allegations in paragraph 86 of the Complaint.

87. This Defendant denies the allegations in paragraph 87 of the Complaint.

88. This Defendant denies the allegations in paragraph 88 of the Complaint.

## IX. FOURTH CAUSE OF ACTION

**(Breach of Express Warranty through Connecticut Product Liability Act)**

**(On behalf of Plaintiff and members of the Nationwide Class Against Defendant Designs for Health, Inc. Only)**

89. This Defendant re-alleges and incorporates by reference paragraphs 1 through 88 above as if fully set forth herein.

90. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint and on that basis denies them.

91. This Defendant denies the allegations in paragraph 91 of the Complaint.

92. This Defendant denies the allegations in paragraph 92 of the Complaint.

93. This Defendant denies the allegations in paragraph 93 of the Complaint.

94. This Defendant denies the allegations in paragraph 94 of the Complaint.

95. This Defendant denies the allegations in paragraph 95 of the Complaint.

## X. FIFTH CAUSE OF ACTION

**(Violation of the Utah Consumer Sales Practices Act, Utah Code § 13-11-1 *et seq.*)**
**(Deceptive Acts or Practices by Suppliers)**

**(On behalf of Plaintiff and members of the Nationwide Class Against Defendant Albion Laboratories, Inc. Only)**

96. This Defendant re-alleges and incorporates by reference paragraphs 1 through 95 above as if fully set forth herein.

97. This Defendant denies the allegations in paragraph 97 of the Complaint.

98. Paragraph 98 of the Complaint contains only legal conclusions or argument that do not require a response.

99. Paragraph 99 of the Complaint contains only legal conclusions or argument that do not require a response.

100. Paragraph 100 of the Complaint contains only legal conclusions or argument that do not require a response.

101. Paragraph 101 of the Complaint contains only legal conclusions or argument that do not require a response.

102. Paragraph 102 of the Complaint contains only legal conclusions or argument that do not require a response.

103. Paragraph 103 of the Complaint contains only legal conclusions or argument that do not require a response.

104. Paragraph 104 of the Complaint contains only legal conclusions or argument that do not require a response.

105. This Defendant denies the allegations in paragraph 105 of the Complaint.

106. This Defendant denies the allegations in paragraph 106 of the Complaint.

107. This Defendant denies the allegations in paragraph 107 of the Complaint.

108. This Defendant denies the allegations in paragraph 108 of the Complaint.

109. This Defendant denies the allegations in paragraph 109 of the Complaint.

110. This Defendant denies the allegations in paragraph 110 of the Complaint.

111. This Defendant denies the allegations in paragraph 111 of the Complaint.

## XI. SIXTH CAUSE OF ACTION

**(Violation of the Utah Consumer Sales Practices Act, Utah Code § 13-11-1 *et seq.*)**
**(Unconscionable Acts or Practices by Suppliers)**

**(On behalf of Plaintiff and members of the Nationwide Class Against Defendant Albion Laboratories, Inc. Only)**

112. This Defendant re-alleges and incorporates by reference paragraphs 1

through 111 above as if fully set forth herein.

113. This Defendant denies the allegations in paragraph 113 of the Complaint.

114. Paragraph 114 of the Complaint contains only legal conclusions or argument that do not require a response.

115. Paragraph 115 of the Complaint contains only legal conclusions or argument that do not require a response.

116. Paragraph 116 of the Complaint contains only legal conclusions or argument that do not require a response.

117. Paragraph 117 of the Complaint contains only legal conclusions or argument that do not require a response.

118. This Defendant denies the allegations in paragraph 118 of the Complaint.

119. This Defendant denies the allegations in paragraph 119 of the Complaint.

120. This Defendant denies the allegations in paragraph 120 of the Complaint.

121. This Defendant denies the allegations in paragraph 121 of the Complaint.

## XII. SEVENTH CAUSE OF ACTION

**(Unjust Enrichment)**

**(On behalf of Plaintiff and members of the Nationwide Class Against all Defendants)**

122. This Defendant re-alleges and incorporates by reference paragraphs 1 through 121 above as if fully set forth herein.

123. This Defendant denies the allegations in paragraph 123 of the Complaint.

124. This Defendant denies the allegations in paragraph 124 of the Complaint.

## XIII. EIGHTH CAUSE OF ACTION

**(Fraudulent Concealment)**

125. This Defendant re-alleges and incorporates by reference paragraphs 1 through 124 above as if fully set forth herein.

126. This Defendant denies the allegations in paragraph 126 of the Complaint.

127. This Defendant denies the allegations in paragraph 127 of the Complaint.

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

128. This Defendant denies the allegations in paragraph 128 of the Complaint.

129. This Defendant denies the allegations in paragraph 129 of the Complaint.

130. This Defendant denies the allegations in paragraph 130 of the Complaint.

This Defendant denies that Plaintiffs are entitled to any relief, including but not limited to the relief Plaintiffs request in its "Prayer for Relief." Any statement or allegation not specifically admitted is either denied or denied on the basis that this Defendant is without knowledge or information sufficient to form a belief as to the truth of the statement or allegation.

## XIV. AFFIRMATIVE DEFENSES

Without admitting any of the allegations in Plaintiffs' Complaint (Dkt. 1) Defendant Designs for Health, Inc. states the following affirmative defenses:

### First Affirmative Defense

Plaintiffs' Complaint, and each count asserted in it, fails to allege facts sufficient to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' specific claims under Conn. Gen. Statutes § 42-110a *et seq.* against this Defendant are barred because the actions of this Defendant are permitted under law as administered by a regulatory board or officer acting under statutory authority of the state or of the United States.

### Third Affirmative Defense

Plaintiff's specific claims of fraudulent concealment are barred because Plaintiff has failed to plead fraud with particularity as required under Fed. R. Civ. Pro. 9(b).

### Fourth Affirmative Defense

The Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332(d) because the amount in controversy does not exceed the sum or value of $5,000,000.00.

### Fifth Affirmative Defense

The court lacks personal jurisdiction over Designs for Health.

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

### Sixth Affirmative Defense

Plaintiff's claims may be barred in whole or in part by the equitable doctrines of waiver, estoppel, release, ratification, or assumption of risk.

### Seventh Affirmative Defense

Plaintiff may not maintain this lawsuit as a class action because she and/or her counsel will not fairly and adequately represented the purported Class.

### Eighth Affirmative Defense

Plaintiff may not maintain this lawsuit as a class action because her claims are not sufficiently typical of those of the putative Class.

### Ninth Affirmative Defense

Plaintiff may not maintain this lawsuit as a class action because her claims are not common to those of the putative Class and to the extent her claims are common to those of the putative Class, those common claims do not predominate over individual issues.

### Tenth Affirmative Defense

Plaintiff may not maintain this lawsuit as a class action because a class action is not a superior method for adjudicating the claims alleged by the purported Class.

### Reservation of Rights

This Defendant reserves the right to assert further affirmative defenses, based on the course of discovery and proceedings in this action.

### XV. PRAYER FOR RELIEF

WHEREFORE Defendant Designs for Health, Inc. requests that the Court enter judgment in its favor and against Plaintiff Donna Copeland as follows:

1. That Plaintiff take nothing by its Complaint and that its claims be dismissed with prejudice.
2. That the Court issue a declaration that:
   a. Defendant does not violate the Connecticut Unfair Trade Practices Act or the Connecticut Product Liability Act through any action described in the Complaint.

b. Defendant Designs for Health has not unjustly enriched itself through any action described in the Complaint or committed fraudulent concealment through any action described in the Complaint.

3. Such other and further relief as this Court deems just and proper.

Dated May 27, 2015.

**NEWMAN DU WORS LLP**

By: /s Derek Newman
Derek A. Newman, WSBA No. 26967
Jason E. Bernstein, WSBA No. 39362

Attorneys for Defendant Designs for Health, Inc.